PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: CHRISTINE S. POSCABLO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2674
Email: Christine.Poscablo@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

NEW YORK LEGAL ASSISTANCE GROUP,   :
INC.,   :

        Plaintiff,   :

     v.   :

   :

UNITED STATES DEPARTMENT OF   :
EDUCATION,   :

   :

        Defendant.   :

-------------------------------------------------------------x

15 Civ. 3818 (LGS)

**ANSWER**

Defendant United States Department of Education ("Defendant") answers the complaint of plaintiff New York Legal Assistance Group, Inc. ("Plaintiff"), upon information and belief, as follows:

1.     Paragraph 1 of the complaint consists of Plaintiff's characterization of this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 1, except admits that Plaintiff purports to bring this action under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552 *et seq.*

2.     Defendant admits the allegations in the first sentence of paragraph 2 of the complaint and denies the allegations in the second sentence of paragraph 2.

3.     Defendant denies the allegations in paragraph 3 of the complaint.

4.      Defendant admits that it received a request from Plaintiff, dated December 5, 2014, seeking disclosure of records related to borrower defenses to repayment and related documents.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7.      Defendant admits that at the time Plaintiff filed the complaint, Defendant had not yet produced documents in response to Plaintiff's request and that Plaintiff purports to bring this action under FOIA, 5 U.S.C. § 552 *et seq.*, but otherwise denies the allegations in paragraph 5.

8.      Paragraph 8 of the complaint consists of Plaintiff's allegations as to jurisdiction, to which no response is required.

9.      Paragraph 9 of the complaint consists of Plaintiff's allegations as to venue, to which no response is required.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

13.     Defendant admits that NYLAG is lead counsel in the putative class action *Salazar et al. v. Duncan,* 150832 (2d Cir. 2015), but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

2

14.     Defendant admits the allegations in paragraph 14 of the complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17.     Defendant admits the allegations in paragraph 17 of the complaint.

18.     Defendant admits the allegations in paragraph 18 of the complaint.

19.     Defendant admits that Plaintiff has requested records from Defendant related to student loan borrower defenses and discharge rights, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20.     Defendant admits the allegations in paragraph 20 of the complaint.

21.     Defendant admits the allegations in paragraph 21 of the complaint.

22.     Defendant admits the allegations in paragraph 22 of the complaint.

23.     Defendant admits the allegations in paragraph 23 of the complaint.

24.     Paragraph 24 of the complaint constitutes Plaintiff's characterization of the federal loan programs and the alleged actions of for-profit colleges and universities in connection therewith, to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Paragraph 25 of the complaint constitutes Plaintiff's characterization of a 2012 report of the United States Senate's Health, Education, Labor and Pensions ("HELP") Committee, to which no response is required.  To the extent a response is required, Defendant

denies the allegations in paragraph 25 and respectfully refers the Court to the report cited therein for a complete and accurate statement of its contents.

26.     Paragraph 26 of the complaint constitutes Plaintiff's characterization of a 2012 HELP Committee report and a 1991 report of the United States Senate's Committee on Governmental Affairs' Permanent Subcommittee on Investigations, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 26 and respectfully refers the Court to the reports cited therein for a complete and accurate statement of their contents.

27.     Paragraph 27 of the complaint constitutes Plaintiff's characterization of statutes enacted by Congress in connection with federal loan borrowers to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 27 and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

28.     Paragraph 28 of the complaint constitutes Plaintiff's characterization of the Higher Education Amendments of 1992 and related regulations, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 28 and respectfully refers the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents.

29.     Paragraph 29 of the complaint constitutes Plaintiff's characterization of the Higher Education Amendments of 1992 and related regulations, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 29 and respectfully refers the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents.

30.     Paragraph 30 of the complaint constitutes Plaintiff's characterization of 20 U.S.C. §1087e(h) and related regulations and rulemaking proceedings, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 30 of the complaint and respectfully refers the Court to the statute, regulations, and notice of rulemaking proceedings cited therein for a complete and accurate statement of their contents.

31.     Defendant denies the allegations in paragraph 31 of the complaint.

32.     With respect to the allegations in paragraph 32 of the complaint, Defendant admits that federal authorities have investigated certain for-profit educational institutions in connection with the federal student loan program.  The remainder of the allegations in paragraph 32 constitutes Plaintiff's characterization of an investigation conducted and a settlement entered by the New York State Attorney General to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 32.

33.     Paragraph 33 of the complaint constitutes Plaintiff's characterization of investigations conducted by state attorneys general with respect to Corinthian to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Paragraph 34 of the complaint constitutes Plaintiff's characterization of letters from members of Congress to Defendant to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 34 and respectfully refers the Court to the letters cited therein for a complete and accurate statement of their contents.

35.     Paragraph 35 of the complaint constitutes Plaintiff's characterization of the Student Aid Bill of Rights to which no response is required.  To the extent a response is required,

Defendant denies the allegations in paragraph 35 and respectfully refers the Court to the Student Aid Bill of Rights for a complete and accurate statement of its contents.

36.     Defendant admits the allegations in the first and second sentences of paragraph 36 of the complaint.  With respect to the allegations in the third sentence of paragraph 36, Defendant admits that, as of the filing of the complaint, Defendant had not yet determined the merits of the defense-to-payment requests submitted by former students of Corinthian.

37.     Paragraph 37 of the complaint constitutes Plaintiff's characterization of a letter to Defendant from various state attorneys general to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 37 and respectfully refers the Court to the letter cited therein for a complete and accurate statement of its contents.

38.     Paragraph 38 of the complaint constitutes Plaintiff's characterization of a letter to Defendant from various state attorneys general to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 38 and respectfully refers the Court to the letter cited therein for a complete and accurate statement of its contents.

39.     Paragraph 39 of the complaint constitutes Plaintiff's characterization of statements allegedly made by Defendant to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 39.

40.     Paragraph 40 of the complaint constitutes Plaintiff's characterization of responses Defendant allegedly provided to students asserting defense-to-repayment requests, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 40.

41.     Paragraph 41 of the complaint constitutes Plaintiff's characterization of a statement allegedly made by a representative of Defendant to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 41.

42.     Paragraph 42 of the complaint constitutes Plaintiff's characterization of a statement allegedly made by Defendant's Default Resolution Group Servicing Center to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 42.

43.     Paragraph 43 of the complaint constitutes Plaintiff's characterization of an April 24, 2015 letter from a loan servicer allegedly under contract with Defendant to Plaintiff's client to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 43 and respectfully refers the Court to the letter referenced therein for a complete and accurate statement of its contents.

44.     Defendant denies the allegations in paragraph 44 of the complaint.

45.     Defendant admits that Plaintiff sought to obtain information related to student debt relief policies and practices but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's intended use of the information and otherwise denies the allegations in paragraph 45 of the complaint.

46.     Defendant admits the allegations in paragraph 46 of the complaint.

47.     Defendant admits the allegations in the first and third sentences of paragraph 47 of the complaint.  With respect to the second sentence of paragraph 47, Defendant admits that Plaintiff sought a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.33(a), but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

7

48.     Defendant admits the allegations in paragraph 48 of the complaint.

49.     Defendant admits the allegations in paragraph 49 of the complaint.

50.     Defendant admits the allegations in paragraph 50 of the complaint.

51.     Defendant admits the allegations in paragraph 51 of the complaint.

52.     Defendant admits that Plaintiff submitted an administrative appeal on January 21, 2015, but the remaining allegation in paragraph 52 of the complaint constitutes a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies that its fee waiver denial was erroneous as a matter of law.

53.     Defendant admits the allegations in paragraph 53 of the complaint.

54.     Defendant admits the allegations in paragraph 54 of the complaint.

55.     Paragraph 55 of the complaint constitutes Plaintiff's characterization of the status of and information held by student loan borrowers, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 55.

56.     Defendant admits the allegations in paragraph 56 of the complaint.

57.     Defendant realleges each and every response made to the paragraphs of the complaint to which paragraph 57 of the complaint refers with the same force and effect as if set forth herein.

58.     Defendant admits the allegations in paragraph 58 of the complaint.

59.     The allegations in paragraph 59 of the complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 59.

60.     The allegations in paragraph 60 of the complaint constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 60.

61.     The remaining paragraphs of the complaint consist of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the complaint in whole or in part because Plaintiff failed to exhaust administrative remedies.

### SECOND DEFENSE

The complaint should be dismissed in whole or in party for failure to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiff's request under the FOIA, 5 U.S.C. §552 *et seq.,* and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of Plaintiff's request.  *See* 5 U.S.C. §552(a)(6)(C).

### FOURTH DEFENSE

Some or all of the requested documents are exempt from disclosure.  *See* 5 U.S.C. §552(b).

### FIFTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under the FOIA, 5 U.S.C. §552 *et seq.*

<u>SIXTH DEFENSE</u>

Plaintiff is not entitled to expedited processing under 5 U.S.C. §552(a)(6)(E), or a waiver

of fees under 5 U.S.C. §552(a)(4)(A)(iii).


Dated:   New York, New York
         June 18, 2015


                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Defendant*

                           By:      /s/ Christine S. Poscablo
                                        CHRISTINE S. POSCABLO
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2674
                                        Email: Christine.Poscablo@usdoj.gov


TO:      Eileen Connor, Esq.
         Jane Greengold Stevens, Esq.
         Jason Glick, Esq.
         New York Legal Assistance Group
         7 Hanover Squre, 18th Floor
         New York, New York 10004

         *Attorney for Plaintiff*