

July 9, 2015

<u>Via ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *N.Y. Legal Assistance Grp. v. U.S. Dep't of Educ.*, 15-cv-3818 (LGS)

Dear Judge Schofield:

      Plaintiff New York Legal Assistance Group ("Plaintiff" or "NYLAG") submits this letter on behalf of itself and defendant United States Department of Education ("Defendant" or "DOE") pursuant to the Court's May 27, 2015 order (Docket No. 7) and in advance of the initial pretrial conference scheduled for 9:45 a.m. on July 16, 2015.

      This case concerns a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that Plaintiff submitted to DOE on December 5, 2014 (the "FOIA Request"). Because this is a FOIA case, we understand Local Civil Rule 16.1 to exempt the parties from Rule 16(b)'s requirement of a mandatory scheduling order. Moreover, the parties respectfully suggest that the traditional case management structure set forth in the Court's template Civil Case Management Plan and Scheduling Order is not applicable in this case, because we anticipate that this matter, like most FOIA actions, will be resolved on cross-motions for summary judgment without the need for discovery. Plaintiff, however, reserves the right to seek discovery if necessary, and Defendant reserves the right to oppose any request for discovery. With regard to the first question posed in the template Civil Case Management Plan, the parties do not consent to conducting all further proceedings before a U.S. Magistrate Judge.

      The paragraphs below correspond to the numbered paragraphs in the Court's May 27, 2015 order.

1. NYLAG brings this case to compel DOE to search for and produce documents responsive to the FOIA Request. The FOIA Request seeks, among other documents, records relating to DOE's implementation and interpretation of longstanding regulations that provide student loan borrowers the right to defend against repayment based on school misconduct. NYLAG alleges that DOE constructively denied the FOIA Request by failing to respond or to produce any documents within the statutory deadline.

DOE's principal defense is that it has exercised due diligence in processing the FOIA Request and exceptional circumstances exist that necessitate additional time for DOE to complete its processing. *See* 5 U.S.C. § 552(a)(6)(C). DOE produced documents responsive to the FOIA Request on June 26, 2015 and July 2, 2015 and is continuing its search for additional responsive documents.

The resolution of the case will depend primarily on whether DOE's search for responsive documents is adequate, and whether DOE has lawfully withheld or redacted records pursuant to asserted FOIA exemptions. The parties anticipate that these issues will be resolved on cross-motions for summary judgment and have proposed a schedule for such motions in paragraph 3, below.

2. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue in this District is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b) and (e), because NYLAG has its principal place of business here, and a substantial part of the events giving rise to this action occurred in this District.

3. As noted above in paragraph 1, DOE has begun to produce documents in response to the FOIA Request. DOE anticipates completing its search for and production of responsive documents in the next several weeks. Accordingly, the parties have agreed upon, and jointly request that the Court adopt, the following schedule for the production of documents, settlement discussions, and, if necessary, summary judgment briefs:

   - DOE will complete its search for and production of responsive documents by August 14, 2015.

   - The parties will meet and confer by September 14, 2015 in an effort to resolve any challenges NYLAG anticipates making to the adequacy of DOE's search and/or DOE's withholding of any information pursuant to FOIA exemptions.

   - If the parties are not able to resolve this matter through settlement discussions, the parties will submit summary judgment briefs in accord with the following schedule:

     - October 14, 2015:  Defendant's motion for summary judgment

     - November 13, 2015:  Plaintiff's cross-motion for summary judgment and opposition to Defendant's motion for summary judgment

     - December 14, 2015:  Defendant's reply and opposition to Plaintiff's cross-motion

- o   January 4, 2016:  Plaintiff's reply

4. No discovery has taken place and the parties do not anticipate seeking discovery at this juncture. As noted above, however, Plaintiff reserves the right to seek discovery and Defendant reserves the right to oppose any request for discovery.

5. Damages are inapplicable in this case.

6. No settlement discussions have taken place yet, but the parties request an opportunity to meet and confer as set forth above in paragraph 3.

Thank you for your attention to this matter.

            Respectfully submitted,

            BETH E. GOLDMAN
            NEW YORK LEGAL ASSISTANCE GROUP

By: _____
      Jason Glick, Of Counsel
      7 Hanover Square, 18th Floor
      New York, NY 10004
      Tel.: (212) 613-5000 ext. 5429
      jglick@nylag.org